■ In the Matter of JAMES V. MANGANO, Appellant, v. CITY OF NEW YORK et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered March 10, 1972, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78, for an order directing respondents to pay the petitioner certain additional compensation. The facts are uncomplicated and not in dispute. The petitioner at all relevant times has been General Clerk of the Supreme Court of Kings County. Prior to court unification on September 1, 1962, the Legislature passed chapter 492 of the Laws of 1961, effective May 4, 1961, and chapter 640 of the Laws of 1962, effective August 1, 1962. These chapters provided for increased pay for all

nonjudicial court personnel, but further provided that such increase could be withheld by the appropriate authorities if the increase, in their opinion, was unwarranted. On April 4, 1964 the Presiding Justices of the First and Second Departments notified the City of New York that, as the appointing authorities, they were requesting that raises granted by the aforementioned statutes be withheld from the petitioner and others similarly situated. The petitioner contends that he is entitled to the increased rate and that he has been underpaid $2,274 annually since 1964. He contends that the Presiding Justices of the Appellate Divisions are not the appropriate appointing authorities and had no authority to deny the mandated increases. The court below found that the Appellate Division was the appropriate appointing authority and that it properly exercised its prerogative to withhold the increase and, therefore, denied relief and dismissed the petition. While we agree in result, we do not conclude that the Appellate Division was the appropriate appointing authority. Upon the effective dates of the statutes providing for the salary increases in question, May 4, 1961 and August 1, 1962, the Board of Justices of the Supreme Court, Kings County, was the appropriate appointing authority, with power to withhold or disapprove the increases (*Matter of Stich* v. *Wagner*, 18 A D 2d 454, affd. 14 N Y 2d 530). The clear intention of the Board of Justices was not to disapprove either of the statutory increases for any of their employees, including petitioner. At that time, since the Board of Justices was the appropriate appointing authority, it must be concluded that raises were to go to all court employees. The Appellate Division did not succeed to, or otherwise acquire, its power until September 1, 1962 (*Matter of Stich* v. *Wagner, supra*). Hence, we disagree with Special Term upon the question of who was the appropriate appointing authority. However, in 1964, when the Presiding Justices of the Appellate Divisions, First and Second Departments, ordered the city not to pay the increase, they were, in effect, fixing the petitioner's annual rate of salary at $25,000 which they were then empowered to do in the case of an ungraded, exempt position (*Matter of Morris* v. *Beame*, 39 A D 2d 803, affd. 31 N Y 2d 812). Judgment affirmed, without costs. Staley, Jr., J. P., Sweeney, Kane and Main, JJ., concur; Cooke, J., dissents and votes to reverse in the following memoranda. Cooke, J. (dissenting). I dissent and vote to reverse the judgment appealed from and to grant to petitioner the payment of the additional compensation provided for in chapter 492 of the Laws of 1961 and in chapter 640 of the Laws of 1962, the relief prayed for by him. To support this position, for the most part, one need but paraphrase the language of the Court of Appeals in *Matter of Gilligan* v. *Procaccino* (27 N Y 2d 162). In 1961 the Legislature made appropriations for increased salaries for "certain officers and employees of the judiciary" (L. 1961, ch. 492), and an additional increase was similarly provided for in 1962 (L. 1962, ch. 640). The legislation in each of these years contained the proviso that "any increase in compensation provided for by this act may be withheld in whole or in part from any officer or employee [who], in the opinion of the *appropriate appointing authority,* does not warrant such increase" (L. 1961, ch. 492, § 3; L. 1962, ch. 640, § 3 [emphasis added]) and also provided that the "act shall be in full force and effect and control notwithstanding any inconsistent provision" in any other law (§ 8). On April 8, 1964 the Presiding Justices of the Appellate Divisions of the First and Second Departments sent a letter to the Mayor of the City of New York which in effect stated that the Justices of the two Departments had unanimously agreed, pursuant to the authority of article VI of the Constitution and Article 7-A of the Judiciary Law, that the "duty", as well as the power, has not devolved upon the respec-

tive Appellate Divisions to "exercise the prerogative of the 'appropriate appointing authority' to withhold in whole or in part from certain of the non-judicial personnel of the Supreme Court and of the Surrogate's Court in counties within the City of New York the salary increases which otherwise would be granted to the particular individuals" by virtue of the salary legislation referred to above. Attached to the letter and made a part of it was a schedule of employees as to whom the Appellate Division Justices were so exercising "the prerogative of the 'appropriate appointing authority'" so as to withhold from them the salary increases provided for by the statutes, in which schedule were included petitioner's name and title. As is plain from the provisions of the Judiciary Law, the Justices of the Supreme Court for the Second Judicial District residing in Kings County, or a majority of them may appoint and at pleasure remove all clerks in the Supreme Court in said county (Judiciary Law, § 168; see L. 1878, ch. 21). Moreover, the more general provisions of the Judiciary Law relied on by respondents clearly demonstrate that these general administrative powers of the Appellate Divisions must give way to the specific power of appointment residing in the Justices of the Supreme Court for the Second Judicial District, or a majority of them. Under section 214 of the Judiciary Law, the Appellate Divisions are vested with the administrative powers necessary to effectuate the policies formulated and adopted by the Administrative Board of the Judicial Conference and each Appellate Division has the authority to supervise the preparation of an itemized budget which must list the annual financial needs of the courts in each Department (Judiciary Law, § 216). Neither of these provisions makes even a passing reference to the power to appoint the General Clerk of the Supreme Court of the State of New York, County of Kings, the position held by petitioner since December 23, 1954. Furthermore, section 168 of the Judiciary Law even goes so far as to grant to said Justices in Kings County, regarding the clerks therein mentioned, the power to "fix their compensation except where such compensation is fixed by law." *Matter of Morris* v. *Beame* (39 A D 2d 803, affd. 31 N Y 2d 812) is clearly distinguishable. It did not deal with the salary increases provided for in chapter 492 of the Laws of 1961 and in chapter 640 of the Laws of 1962; petitioner there was appointed on September 15, 1967 and was not in office on the effective dates of said chapters; and the determination of reversal there was based on the indicated fact that the salary was fixed by the appropriate appointing authority. The fact that petitioner here may be an ungraded exempt employee is irrelevant since chapter 492 of the Laws of 1961 and chapter 640 of the Laws of 1962 make no exception in regard to such an employee and apply "to all officers or employees of the judiciary other than judges or official referees who are employed or who are appointed or engaged for a period of not less than one month and who are entitled to any compensation during the fiscal year" commencing April 1, 1961 and April 1, 1962, respectively, provided the payment of additional or increased compensation is not prohibited by the Constitution. Petitioner here was entitled to compensation during said fiscal years, while in *Morris* petitioner was not because he was not then in the office in question.